IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Avery Dennison Corp., ) | CASE NO. 1:97 CV 2282 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| Four Pillars Ent, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM OPINION |
| and Third-Party Plaintiff ) | AND ORDER |
| ) | |

This case, though technically terminated, is once again before this Court on the Plaintiff, Avery Dennison Corp.'s ("Avery Dennison") Motion for Order to Show Cause and Request for Hearing. Avery Dennison alleges that Defendant Four Pillars Ent ("Four Pillars") has violated the stipulated protective order that was issued by this Court during the pendency of the underlying litigation. This Court has continuing jurisdiction to enforce the protective order issued in the underlying case, even though the case has been terminated.

**BACKGROUND**

Avery Dennison is seeking to recover a portion of its judgment against Four Pillars in a

separate enforcement action against a California company that Avery claims is responsible for a portion of that payment. The California company is represented by a lawyer named Mr. Matt Geragos Attorney at Law. Recently, during a deposition of an Avery Dennison employee in that enforcement action, Attorney Geragos produced and utilized a document that had been originally designated as confidential under the protective order previously issued in this case (hereinafter the "Lee Letter"). Avery Dennison believes that the Lee Letter was obtained in violation of this Court's protective order, and it seeks an order allowing it to depose Mr. Geragos to determine the source of that document and to determine whether he is in possession of any other documents which are subject to this Court's previously issued protective order. In the alternative, Avery seeks a show cause hearing in which this Court could question Attorney Geragos to obtain the same basic information, and a determination as to whether Four Pillars has indeed violated the protective order issued by this Court.

Four Pillars contends that the information contained in the Lee Letter was no longer subject to the protective order because that information had been made public through its inclusion in publicly filed court documents in a related criminal case. The parties have both extensively briefed this issue, and the Court heard oral arguments at a hearing on November 21, 2006.

**DISCUSSION**

Although sympathetic to Avery Dennison's concerns that the Lee Letter was obtained in bad faith, and that other documents and information may also have made their way into the hands of Attorney Geragos or other persons in violation of this Court's protective order, this

Court is bound to address only the narrow issue properly before it.  That is: whether Attorney Geragos' possession and use of the Lee Letter constitutes a violation of this Court's protective order in the above captioned case.[1]

The protective order which was negotiated and agreed to by both parties, provides in pertinent part as follows:

"This order shall not be construed to apply to any information that:

(A) is available to the public other than through a breach of this Order or other duty of confidentiality; or

(B) A receiving party can demonstrate was already known to the party at the time of disclosure."

The parties agree that the information contained in the document at issue was available to the public at the time it was presented by Attorney Geragos in the deposition, because it had been publicly filed in the Joint Appendix Volume I of III in the public files for the United States Court of Appeals for the Sixth Circuit located in Cincinnati, Ohio in the criminal case: *United States of America v. Pen Yen Yang, et al.*, United States Court of Appeals Case No. 03-4091; 03-4092; 03-4093 prior to that time.  Whether or not the actual document obtained by Attorney Geragos was the same document that was copied in the Joint Appendix, the use of that document did not violate the protective order issued by this Court because the protective order exempts any <u>information</u> that is otherwise available to the public whether or not it comes from the precisely the same <u>document</u> that was previously published.

---

[1] Although there may be investigative leads that would cause Avery Dennison to worry that additional confidential information may have been disclosed to Mr. Geragos, there is insufficient evidence at this juncture to raise an issue ripe for review in this action.

If additional evidence comes to light in the normal course of discovery that would indicate that Four Pillars has violated this Court's protective order by releasing other protected information, Avery Dennison may bring that evidence before the Court in a separate motion. However, the evidence available at this time does not justify an order forcing Attorney Geragos to be deposed on this topic. For the reasons set forth above, Avery Dennison's Motion for Order to Show Cause and Request for Hearing are hereby DENIED.

IT IS SO ORDERED.

  s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 28, 2006